12-1930-pr
*Stinn v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

———————————————————————

BRADLEY J. STINN,

*Petitioner-Appellant,*

-v.- 12-1930-pr

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————————————————

FOR APPELLANT: DAVID W. SHAPIRO, Boies, Schiller & Flexner LLP, Oakland, CA.

FOR APPELLEE: SAMUEL P. NITZE, Assistant United States Attorney (Susan Corkery, James G. McGovern, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

On August 14, 2012 we granted Petitioner-Appellant Bradley J. Stinn a certificate of appealability to consider whether *Skilling v. United States*, 130 S. Ct. 2896 (2010), affected his conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Absent a showing of actual innocence, Stinn has procedurally defaulted on his *habeas* petition. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Stinn argues that he is actually innocent because he was convicted under a theory of honest-services fraud that *Skilling* made constitutionally infirm. We disagree. Following an exhaustive review of the record including Stinn's indictment, the government's case-in-chief, and the district court's charge to the jury, we conclude that there is no reasonable possibility that Stinn was convicted under a theory of depriving his company of his honest services. Accordingly, we deny Stinn's petition for a writ of *habeas corpus*.

We have considered all of Stinn's arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk